JOHN E. MEILY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 16, 1904.

1. **TRIAL PRACTICE: Negligence: Allegata et Probata: Instructions.** It is error to submit by instruction to the jury an averment of the negligence contained in the petition when there is no evidence supporting the same.

2. ———: **Evidence Excluded: Exceptions.** If a party offer evidence which he thinks is wrongfully excluded the safe practice is for him to accept and thus lay a basis for an appeal.

3. **CONTRIBUTORY NEGLIGENCE:** Instructions. An instruction relating to contributory negligence is held proper and should have been given.

4. ———: ———: Modification. An instruction relating to contributory negligence and the plaintiff's duty to use his senses even though the master was negligent is approved and the modification thereof condemned.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

REVERSED AND REMANDED.

*Pratt, Dana & Black* for appellant.

(1) The court erred in not sustaining a demurrer to the evidence and in not giving peremptory instructions 1, 2 and 3 as asked by defendant. (2) Instruction numbered three, as asked by the defendant, should have been given. (3) Instructions 2, 4, 5 and 8 given at plaintiff's request were at least erroneous in that they predicated a recovery on the theory that there was some evidence that a floored or closed skid was not a safe appliance. (4) The court erred in refusing to give at defendant's request instructions 18 and 19 and each of them on the theory that if plaintiff stopped at the foot of the incline and failed to assist in pushing the wheels up the skid, he could not recover. (5) The court erred in modifying instructions 8 and 10 and each of them as asked by defendant and in giving each of them as modified.

*Elijah Robinson* and *James C. Rieger* for respondent.

(1) There was sufficient evidence in behalf of plaintiff on either proposition to justify the court in submitting the case to the jury, and this evidence was stengthened by the evidence in behalf of defendant. Campbell v. Railway, 175 Mo. 161; Noeninger v. Vogt, 88 Mo. 593. (2) Defendant excepts to instructions 4

and 5, and cites Minnier v. Railway, 167 Mo. 115, in support of his contention.    These instructions are supported by Forgus v. Railway, 50 Mo. App. 268, from which they are taken.    (3)  In order for a party to get the benefit of a peremptory instruction offered at the close of plaintiff's case, such party must stand on the demurrer.    Clark v. Railway, 93 Mo. App. 456; Edwards v. Railway, 94 Mo. App. 36; McPherson v. Railway, 97 Mo. 253; Klockenbrink v. Railway, 172 Mo. 678; Howarth v. Railway, 94 Mo. App. 225; Moore v. Transit Co., 95 Mo. App. 728; Butts v. Bank, 99 Mo. App. 168; Campbell v. Railway, 175 Mo. 161.    (4)  Instructions numbered 11, 18 and 19 were no more than a repetition of the principles of law embraced in those given by the court and the court did not err in refusing them.    State v. Eaton, 138 Mo. 103; State v. Frazier, 137 Mo. 317; Crews v. Railway, 19 Mo. App. 302; Dixon v. Railway, 124 Mo. 140; Haniford v. Kansas City, 103 Mo. 172; Berkson v. Railway, 144 Mo. 221; State v. Hibler, 149 Mo. 478; Blackwell v. Hill, 76 Mo. App. 46.

ELLISON, J.—The plaintiff was injured while in the employ of defendant.    He brought this action for damages and prevailed in the trial court.    It appears that defendant and its predecessor had for years loaded carwheels onto cars at its shops.    The mode of loading was to place one end of skids on the end of a flat car and connect the other end with a track at the ground. The cars were two or three inches over four feet high and the skids were about sixteen feet long.    Pairs of carwheels, weighing generally about sixteen hundred pounds, connected by an axle or journal, would be rolled rapidly over the track to the  skids, where their momentum and the assistance of those pushing them would carry them half way or more up the skids, when two men stationed on the car would reach and take hold of them around the journal with hooks and then draw them onto the car.    The petition charged two grounds of neg-

ligence: one that the skids used were an unsafe appliance; and the other, that defendant did not furnish a proper number of men to roll the wheels.

It appears that plaintiff had worked in and about the defendant's shops for more than twenty years, but that until the day of his injury he had never helped to load carwheels; though from time to time, he observed such work being done by other workmen. It seems that two kinds of skids had been used by defendant, one known as open skids which consisted of two rails fastened together by a rod near the top and bottom. The others differed in construction, in that they were floored between the rails, and were called closed skids. In using the open ones the men pushing the wheels would walk on the ground; and in the other they would walk up the incline of the floor. The latter was the kind used at the time plaintiff was hurt.

The foreman directed him and another man to load a pair of wheels. They took hold of the journal between the wheels and ran them rapidly along the track to the skids and thence followed them up the floor until, as plaintiff says, they reached perhaps a little more than half way up, when they stopped and began to run back. Plaintiff started to retreat by way of jumping off to the ground, but in doing so he stumbled and fell with one leg inside and his body outside the rail of the skids. One of the wheels passed over his leg and inflicted serious and permanent injury.

Following plaintiff's allegation in his petition, he asked and had given one or more instructions wherein the jury were directed to find for plaintiff if enough men were not furnished to do the rolling of the wheels up the skids, or if the skids were not a safe appliance. Giving such instructions was harmful error. There was no evidence whatever that the floored skids were not a safe device or appliance for the work. There was more than one attempt to show the opinion of a witness on that subject, but such evidence was excluded, and apparently

not excepted to by plaintiff. If in a given case a party offers evidence which he thinks is wrongfully excluded the safe practice for him is to except and then, if he fails in his case, he has a basis for an appeal. But the evidence being erroneously kept out of the case, of course, can not afford ground for submitting an issue to the jury which it would have tended to prove had it been admitted. We are not meaning to intimate that the evidence referred to, in the manner it was offered, was wrongfully excluded. We only wish to make plain our ruling on the point presented. We may here remark that defendant embodied the proposition of unsafe appliance in its instructions 13 and 15, but it was only after it had asked the court in instructions 3 to declare that there was no such issue in the case, which was refused.

By instruction 18, offered by defendant and refused, the court was asked to direct the jury, in substance, that if plaintiff let loose of the wheels, or ceased exertion at the foot of the skids, allowing his co-employee to endeavor, alone, to push the wheels up the incline, and that by reason of plaintiff's conduct they rolled back and injured plaintiff, he could not recover. That instruction clearly presented a hypothesis of plaintiff's own fault and negligence and should have been given.

So it was error to modify defendant's instruction eight, informing the jury that plaintiff was bound to make use of his senses and experience as a man of ordinary prudence would use them, and that if he did not and the injury happened by reason of such failure he could not recover, even though defendant was also negligent. The latter clause was improperly stricken out.

We believe that there was evidence tending to prove the negligence charged in regard to not furnishing a sufficient number of men to do the work and we will therefore not reverse the judgment outright; but for the errors indicated the cause will be remanded. All concur.